1

2

3

4

5
                    UNITED STATES DISTRICT COURT
6              WESTERN DISTRICT OF WASHINGTON
                         AT TACOMA
7

8
SHARON L. PALMER,
9                                             CASE NO. C12-5444 BHS
              Plaintiff,
10                                            ORDER DENYING PLAINTIFF'S
        v.                                    MOTION TO COMPEL
11                                            DOCUMENTS CONTAINING
SENTINEL INSURANCE COMPANY,                   COMMUNICATION WITH
12 LTD.,                                       SUBROGATION ATTORNEY
                                              SHORT
13            Defendant.

14

15        This matter comes before the Court on Plaintiff Sharon Palmer's ("Palmer")

16 motion to compel (Dkt. 22). The Court has considered the pleadings filed in support of

   and in opposition to the motion and the remainder of the file. For the reasons stated
17
   herein, the Court denies the motion as to the remaining documents in dispute.
18
                    I. PROCEDURAL & FACTUAL BACKGROUND
19
          On April 27, 2012, Palmer filed a lawsuit against Sentinel Insurance Company,
20
   Ltd. ("Sentinel") in Pierce County Superior Court.  Dkt. 4 at 6-9.  On May 18, 2013,
21
   Sentinel removed the action to this Court on the basis of diversity jurisdiction.  *See* Dkt.
22

2.  Palmer's complaint contains allegations for breach of contract, violations of the insurer's duty of good faith by its denial of coverage for a burglary and fire occurring on her property; violations of the Consumer Protection Act; breach of statutory and regulatory duties under Washington State statutes and codes; unreasonable denial of her claim for coverage; and for extreme and outrageous conduct based on the foregoing alleged unlawful conduct.  Dkt. 4 at 7-8.

On May 25, 2013, Sentinel answered, pleading affirmative defenses which, in part, include that Palmer's claims are barred in whole or in part by Palmer's violation of their insurance policy relating to fraud and concealment, unclean hands, and violations of RCW 48.135.005, et seq., intentional concealment, misrepresentation, or fraud, relating in part to Palmer's misrepresentations regarding the value of her personal possessions, that her property was the subject of burglary, and that she was not involved in the fire that damaged the property at issue.  Dkt. 11 at 4.

On April 29, 2013, Palmer filed the instant motion to compel, seeking to compel disclosure of (1) alleged attorney-client privileged or work product documents and (2) alleged propriety or commercial information as well as (3) to overrule objections and compel responses to multiple Requests for Production ("RFPs").  Dkt. 22.  On May 13, 2013, Sentinel responded in objection to Palmer's motion.  Dkt. 25.  On May 17, 2013, Palmer replied.  Dkt. 27.

On May 23, 2013, the Court held a telephonic hearing on Palmer's motion. Dkt. 30.  During the hearing, with regard to the alleged proprietary and commercial information, the Court directed the parties to review this district's model protective order

1    and consider filing a stipulated protective order.  *Id.*  The parties did so.  Dkt. 34.  With

2    regard to the RFPs not involving attorney-client privileged or work product documents,

3    the Court directed the parties to meet and confer.  Finally, the Court ordered the parties to

4    file individual briefs on the standards applicable to disclosure of the documents withheld

5    pursuant to the attorney-client privilege and work product doctrine in bad faith insurance

6    actions as articulated by the Washington State Supreme Court in *Cedell v. Farmers Ins.*

7    *Co.*, 176 Wn. 2d 686, 698-99 (2013).  The Court also ordered Sentinel to file the

8    documents withheld on the aforementioned bases for in camera review.  Dkt. 34.  At that

9    time, the remaining issues in this motion to compel involved the production of a group of

10   alleged attorney-client privileged and work product documents, Exhibit B (Dkt. 33-1).

11          On July 10, 2013, the Court issued an order requesting additional briefing and

12   renoting the motion.  Dkt. 40.  In that order, after review of the parties' briefing and the

13   *Cedell* decision, this Court provided its interpretation of *Cedell*, guidance as to how the

14   case would likely apply to the Exhibit B documents, and ordered Sentinel to provide

15   Palmer with the documents that *Cedell* compelled, required the parties to meet and confer

16   regarding the documents that remained at issue and to file briefing, if production of

17   documents remained an issue.  *See* Dkt. 40.

18          On July 15, 2013, Sentinel indicated that based on this Court's interpretation of

19   *Cedell*, with which it disagreed, it turned over all documents, excepting three email

20   communications with subrogation counsel, Rodney Short ("Short"), and one other email.

21   Dkt. 43 at 1-3.  On July 17, 2013, Palmer responded indicating that the parties had

22   resolved the issue over the production of the latter email.  Dkt. 49 at 2.  However, a

1  dispute over the production of three documents remains:  (1) Bates # HART 0000704,

2  HART 0001010: Email from attorney Short to McPherson, cc: King; (2) Bates # HART

3  0000705, HART 0001010 – 0001011: Email from Crowley to attorney Short, cc: Hubin;

4  and (3) Bates # HART 0000705-0000707, HART 0001011-0001013: Email from

5  attorney Short to Crowley, cc: Hubin.  Dkts. 43 and 49.

6                                    **II. DISCUSSION**

7  **A.     Legal Standards**

8          The Washington Supreme Court has attempted to clarify the scope of the attorney-

9  client privilege and work product protection for an insurer in a bad faith claim from its

10  insured.  The court held in *Cedell* that when an insured brings a bad faith claim, attorney-

11  client privilege and work product protections are presumptively inapplicable to the

12  insurer's claim-adjustment communications.  An insurer may overcome the presumption

13  "by showing its attorney was not engaged in the quasi-fiduciary tasks of investigating and

14  evaluating or processing the claim, but instead in providing the insurer with counsel as to

15  its own potential liability; for example, whether or not coverage exists under the law."

16  *Cidell*, 176 Wn.2d at 699.   The *Cedell* Court was not content to allow the insurer to

17  merely assert claims of privilege, it "entitled" the insurer "to an in camera review of the

18  claims file, and to the redaction of communications from counsel that reflected the mental

19  impressions of the attorney to the insurance company, unless those mental impressions

20  are directly at issue in its quasi-fiduciary responsibilities to its insured." *Id.*

21

22

**B.     Application of the Standards**

Based on a review of the remaining three documents, Short's involvement in Palmer's claim appears to be that of subrogation counsel providing advice regarding whether or not, or to what extent, Sentinel may be entitled to seek subrogation for some or all the liability it is alleged to have on Palmer's claim.  There is no indication that Short was participating in quasi-fiduciary duties, e.g. that he was active in the investigation by interviewing witnesses, evaluating or processing Palmer's claim, or that Short was either supervising or directing some or all the investigation. That Short may have reviewed documents prepared by others in order to provide his legal assessment to Sentinel does constitute waiver of the attorney-client privilege under *Cedell*.

### III. ORDER

Therefore, it is hereby **ORDERED** that Palmer's motion to compel (Dkt. 22) the three remaining documents is **DENIED**.

Dated this 23rd day of July, 2013.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5